UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ANGELINA ALMONTE,

                        *Plaintiffs*,

       -against-

EL NUEVO VALLE SEAFOOD
RESTAURANT CORP., CARIDAD SEA
FOOD RESTAURANT CORP., JOSEAN
CARLOS MENDEZ VALDEZ, CARLOS
MENDEZ, JORGE ROSARIO QUEZADA
AND YELISA GARABITO
                      *Defendants*.
---------------------------------------------------------X

**JUDGMENT**

**Case No: 24-cv-4624**

      WHEREAS, Plaintiff ANGELINA ALMONTE accepted an offer of judgment and filed notice of acceptance on June 25th, 2025:

      NOW THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that a judgment be entered against the Defendants EL NUEVO VALLE SEAFOOD RESTAURANT CORP., CARIDAD SEA FOOD RESTAURANT CORP., JOSEAN CARLOS MENDEZ VALDEZ, CARLOS MENDEZ, JORGE ROSARIO QUEZADA AND YELISA GARABITO, jointly and severally, inclusive of attorneys' fees and costs, in favor of Plaintiff ANGELINA ALMONTE, in the amount of $20,000.00.

      Pursuant to the terms accepted by Plaintiff through the Office of Judgment, this judgment shall be in full satisfaction of all federal and state law claims or rights that Plaintiff ANGELINA ALMONTE may have to damages, unpaid wages, liquidated damages, or any other form of relief, arising out of the alleged acts or omissions of Defendants or any owner, shareholder, director, employee, or agent, either past or present, of the Defendants, or in connection with the facts and circumstances that are the subject of the above-captioned Action.

      Acceptance of this Offer of Judgment pursuant to FRCP Rule 68 by the Plaintiff

1

ANGELINA ALMONTE will be their acceptance, approval, consent, acknowledgement, and agreement that they are releasing and discharging the Defendants, their respective successors or assigns, as well as all past and present owners, shareholders, directors, employees, representatives,and agents from any and all claims that were or could have been alleged or asserted by Plaintiff ANGELINA ALMONTE in the above-captioned Action as to all wage and hour claims or claims derivative of wage and hour claims asserted, or such claims that could have been asserted under New York State law and Federal Law by and on behalf of the Plaintiff ANGELINA ALMONTE in the above-captioned Action  relating to work performed for the Defendants. The released New York State Law claims include, but are not limited to the following: (1) relating to or governing the failure to pay wages, minimum wages, overtime wages, for all hours worked, for compensable working time, mileage reimbursement, expense reimbursement, or spread of hours pay; (2) for failure to provide meal and rest breaks claims; (3) for failure to reimburse for business expenses; (4) for unlawful deductions from wages or unpaid costs; (5) for failure to provide wage notices, wage statements, or other notices as required by state, or local law; (6) for failure to keep, make, preserve and furnish accurate records of time worked; (7) of joint or single employment; and/or (8) breach of the covenant of good faith and fair dealing relating to the payment of wages; (9) derivative benefit claims (resulting from alleged failure to pay any wages and/or overtime); (10) failure to comply with the wage statement and notification of pay rate requirements of the Wage Theft Prevention Act; and (11) claims for liquidated damages, interest, penalties (including late payment penalties), premium pay, services awards, restitution, equitable relief, settlement administration fees and costs, and attorneys' fees, costs, interest and expenses related to any such claims.

Nothing in this Judgment is intended to, or shall, waive or release or satisfy: (i) any claim or right Plaintiffs may have for unemployment insurance or workers' compensation benefits; (ii) any claim to employee benefit plans and/or union benefit plans and/or rights or claims to retirement, 401K, pension, or other benefit plans, whether vested or unvested, including but not limited to any employee benefit plans under 29 U.S.C. § 1002(3); (iii) any medical claim incurred during Plaintiffs' employment that is payable under applicable medical plans or an employer-insured liability plan; (iv) any claim or right that may arise after the execution of this Judgment; (v) any claim or right Plaintiffs may have under this Judgment; and (vi) any claim that is not otherwise waivable under applicable law.

This Judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission of liability by any of the Defendants, or any owner, shareholder, director, employee, representative, or agent of any of the Defendants; nor is it an admission that Plaintiff ANGELINA ALMONTE has suffered any damages.

Accordingly, all pending deadlines are **terminated** and all pending motions are **DENIED as moot.** (ECF Nos. 32; 34; 45). The Clerk of Court is respectfully directed to close ECF Nos. 32, 34, & 45, and close this case.

SO ORDERED.   July 7, 2025

_Sarah␣Cave_
SARAH L. CAVE
United States Magistrate Judge

3